JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Shawn Nelson ("appellant") appeals from the sentence imposed upon him by the Cuyahoga County Court of Common Pleas. For the reasons stated below, we affirm.
 {¶ 2} On October 29, 2001, appellant was indicted on three counts of a five-count indictment. Count one alleged aggravated robbery with one- and three-year gun specifications, as well as a repeat offender specification and notice of prior conviction. Count three was for the unlawful possession of a dangerous ordnance, and count four was for having a weapon under a disability with a firearm specification. On November 1, 2001, appellant pled not guilty.
 {¶ 3} On March 7, 2002 appellant filed a motion to suppress and on April 22, 2002 a suppression hearing was held. Appellant's motion to suppress was denied. On April 25, 2002 defendant executed a jury trial waiver as to count four.
 {¶ 4} At trial, count four was tried to the bench and counts one and three were tried to the jury. On April 30, 2002, the jury returned guilty verdicts on counts one and three with all specifications. Appellant was additionally found guilty on count four.
 {¶ 5} On June 16, 2002 the trial court merged all the firearm specifications and sentenced appellant to a term of incarceration
 {¶ 6} of three years, to be served prior to and consecutive with a term of incarceration of nine years on count one, eleven months on count
 {¶ 7} three, and four years on count four. The terms of imprisonment on counts one, three, and four were to run concurrent, for a total sentence of twelve years. Appellant appealed.[1]
 {¶ 8} On appeal, this court reversed appellant's conviction for possession of a dangerous ordnance, affirmed the remaining convictions, and remanded the case for resentencing. Upon resentencing, the court imposed the exact sentence, albeit without the inclusion of count three.
 {¶ 9} From this sentence, appellant advances three assignments of error for our review.
 I. {¶ 10} In his first assignment of error, appellant argues that he was "denied due process of law when [he] was sentenced to nine (9) years for the aggravated robbery conviction." We disagree.
 {¶ 11} Pursuant to R.C. 2911.01, aggravated robbery, a felony of the first degree, is defined as:
"(A) No person, in attempting or committing a theft offense,as defined in section 2913.01 of the Revised Code, or in fleeingimmediately after the attempt of offense, shall do any of thefollowing:
 Have a deadly weapon on or about the offender's person orunder the offender's control and either display the weapon,brandish it, indicate that the offender possesses it, or useit. * * *"
 {¶ 12} Appellant argues the trial court failed to set forth sufficient reasons to justify sentencing him to a nine-year term of imprisonment. Specifically, appellant argues that no one was injured during commission of the crime and the trial court's only reason for imposing the sentence was the economic harm brought upon the victim.
 {¶ 13} R.C. 2929.11(B) provides that:
"(B) A sentence imposed for a felony shall be reasonablycalculated to achieve the two overriding purposes of felonysentencing set forth in division (A) of this section,commensurate with and not demeaning to the seriousness of theoffender's conduct and its impact upon the victim, and consistentwith sentences imposed for similar crimes committed by similaroffenders."
 {¶ 14} An appellate court will not reverse a trial court on sentencing issues unless a defendant shows by clear and convincing evidence that the trial court has erred.[2] R.C.2953.08(G)(1); State v. Haamid, Cuyahoga App. Nos. 80161 and 80248, 2002-Ohio-3243. R.C. 2929.11(B) does not require the trial court to make express findings. State v. Smith, Cuyahoga App. No. 81056, 2003-Ohio-168. Pursuant to R.C. 2929.14(A)(1), "for a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years."
 {¶ 15} Appellant argues that while the court considered the impact of the crime upon the victim, the sentence imposed is not consistent with sentences imposed for similar crimes by similar offenders. For instance, appellant argues that there are worse forms of the offense, such as those imposing physical harm. Those offenses, appellant argues, are ones in which nine years' imprisonment is appropriate. We find appellant's argument to be without merit.
 {¶ 16} Appellant was convicted of stealing $10,000 from the victim, a local store owner, with the use of a firearm. The court, considering the seriousness of appellant's actions, addressed the appellant, and stated in part:
"And so when I looked at the seriousness, you not onlycommitted an offense that was really a life-shattering experiencefor this man who had worked so hard to try to put this businesstogether, then you took his $10,000 which was a lot of money, andhe doesn't have a business any longer, he isn't going to be inbusiness any longer. As he said to me at that point, and theneighborhood was deprived of something, people are frightenedabout running businesses in the inner city. I saw this as atremendously serious event. * * * the bottom line is you drovethis guy out of business, you drove him out of hisentrepreneurial state. This country needs people like that."
 {¶ 17} The trial court clearly considered the nature and consequences of appellant's actions and selected nine years. Appellant has failed to show, and there is nothing in the record to indicate, that the sentence imposed is either inconsistent with or disproportionate to sentences that have been imposed on similar offenders who have committed similar offenses.
 {¶ 18} Appellant's first assignment of error is overruled.
 II. {¶ 19} In his second assignment of error, appellant argues that he was "denied due process of law when the court imposed more than a minimum sentence after stating that [he] had never been to prison before." Appellant's argument is without merit.
 {¶ 20} Appellant's sole argument is that, upon resentencing, the trial court issued a journal entry indicating that appellant had not previously served a prison term. This was clearly a mistake.
 {¶ 21} The record indicates that appellant had been sentenced to a term of five to twenty-five years' imprisonment prior to the commission of his current offense.[3] The court and appellant acknowledged the same. To suggest in argument that a clerical mistake erases an appellant's prior criminal history for purposes of sentencing is nonsense.
 {¶ 22} Appellant's second assignment of error is overruled.
 III. {¶ 23} In his final assignment of error, appellant argues he was "denied due process of law and subjected to unconstitutional multiple punishments when he was sentenced separately for the firearm." We disagree.
 {¶ 24} Appellant argues that he should not have been sentenced for having a weapon under a disability. Rather, the four-year sentence should have been merged with the firearm or aggravated robbery convictions. He argues that because he could not have committed the aggravated robbery without the firearm, the court should have merged the offenses. State v. Latson
(1999), 133 Ohio App.3d 475.
 {¶ 25} R.C. 2941.25(A) and (B) state in part:
"(A) Where the same conduct by defendant can be construed toconstitute two or more allied offenses of similar import, * * *the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or moreoffenses of dissimilar import, or where his conduct results intwo or more offenses of the same or similar kind committedseparately or with a separate animus as to each, * * * thedefendant may be convicted of all of them."
 {¶ 26} Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. State v. Land (Oct. 2, 1997), Cuyahoga App. Nos. 70875, 70876. First, the elements of the two crimes are compared, and if the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. Id.
 {¶ 27} In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. Id.
 {¶ 28} In the case sub judice, the elements of the crimes in which
 {¶ 29} appellant was found guilty are not offenses of similar import. As stated above, aggravated robbery, R.C. 2911.01, is
"(A) No person, in attempting or committing a theft offense,as defined in section 2913.01 of the Revised Code, or in fleeingimmediately after the attempt of offense, shall do any of thefollowing:
 Have a deadly weapon on or about the offender's person orunder the offender's control and either display the weapon,brandish it, indicate that the offender possesses it, or useit. * * *"
 {¶ 30} On the other hand, having a weapon while under a disability, R.C. 2923.13 states, in pertinent part:
"(A) Unless relieved from disability as provided in section2923.14 of the Revised Code, no person shall knowingly acquire,have, carry, or use any firearm or dangerous ordnance, if any ofthe following apply:
* * *
(2) The person is under indictment for or has been convictedof any felony offense of violence * * *."
 {¶ 31} It cannot be said that the commission of having a weapon under disability will result in the commission of aggravated robbery, or vice versa. For aggravated robbery, the commission or attempt of a theft is an added element. In this case, appellant's mere possession of the firearm, in light of his previous conviction for aggravated robbery, constituted a violation of R.C. 2923.13. No additional elements need be established.
 {¶ 32} As the offenses are not of similar import under R.C.2941.25, our analysis of appellant's animus during the commission of the offenses need not be undertaken.
 {¶ 33} Appellant's third assignment of error is overruled.
 {¶ 34} Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Celebrezze, Jr., J., concur.
[1] State v. Nelson (June 19, 2003), Cuyahoga App. No. 81558.
[2] Clear and convincing evidence is that "measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of fact a firm belief or conviction as the facts sought to be established." State v. Schiebel (1990),55 Ohio St.3d 71, 74.
[3] We are aware Judge Calabrese was the sentencing trial judge in appellant's first aggravated burglary case in 1992. Our interest in appellant's prior conviction rests only in correcting the journal entry that indicated appellant had not previously served a term of imprisonment. The record clearly shows the trial court was aware of appellant's prior prison time.