[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 583.]

THE STATE EX REL. BENNETT, APPELLANT, *v.* WHITE, JUDGE, APPELLEE.

[Cite as *State ex rel. Bennett v. White*, 2001-Ohio-1615.]

*Mandamus sought to compel court of common pleas judge to vacate relator's sentencing entry in a criminal case—Dismissal of complaint affirmed.*

(No. 01-986—Submitted September 18, 2001—Decided November 14, 2001.)

APPEAL from the Court of Appeals for Holmes County, No. 01-CA-009.

_____

*Per Curiam.*

{¶ 1} In October 1996, a law enforcement officer filed a criminal complaint in the Holmes County Court charging appellant, Thomas J. Bennett, Sr., with sexual battery. In November 1996, the county court bound Bennett over to the Holmes County Court of Common Pleas. The Holmes County Prosecuting Attorney subsequently filed a bill of information charging Bennett with one count of rape. Bennett entered a plea of guilty to the charge and waived his right to an indictment. Appellee, Judge Thomas D. White, accepted Bennett's guilty plea and sentenced him to a prison term of ten to twenty-five years.

{¶ 2} In March 2001, Bennett filed a complaint in the Court of Appeals for Holmes County for a writ of mandamus to compel Judge White to vacate the sentencing entry. Bennett claimed that Judge White lacked subject-matter jurisdiction to sentence him because his criminal case was not properly commenced in the common pleas court, the bill of information was invalid, no indictment was filed, and he signed his guilty plea and waiver of indictment without the assistance of counsel. The court of appeals *sua sponte* dismissed the complaint because Bennett "had an adequate remedy at law by way of direct appeal."

**{¶ 3}** In his appeal, Bennett asserts that the court of appeals erred in dismissing his mandamus action. For the following reasons, Bennett's assertions are meritless.

**{¶ 4}** First, extraordinary relief is not available to attack the validity or sufficiency of a charging instrument, and Bennett had an adequate remedy in the ordinary course of law by appeal to raise this claim. See *Orr v. Mack* (1998), 83 Ohio St.3d 429, 430, 700 N.E.2d 590, 591.

**{¶ 5}** Second, contrary to Bennett's allegations, the attachments to his complaint establish that he *was* represented by counsel at the time he entered his plea of guilty to the rape charge.

**{¶ 6}** Third, habeas corpus, not mandamus, is the proper action through which to seek release from prison. *State ex rel. Carter v. Ohio Adult Parole Auth.* (2000), 89 Ohio St.3d 496, 733 N.E.2d 609.

**{¶ 7}** Finally, to the extent that Bennett now claims that he could not appeal from the sentencing judgment because he did not receive notice of it, he had adequate remedies by delayed appeal and motion to vacate the judgment to raise his claim, and the fact that he has already invoked one of these remedies precludes him from relitigating the same claims in an action for extraordinary relief. See *State ex rel. Gadsden v. Lioi* (2001), 93 Ohio St.3d 574, 575, 757 N.E.2d 355, 356; *State ex rel. Smith v. Fuerst* (2000), 89 Ohio St.3d 456, 457, 732 N.E.2d 983, 984-985; *Russell v. Mitchell* (1999), 84 Ohio St.3d 328, 329, 703 N.E.2d 1249.

**{¶ 8}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Thomas J. Bennett, Sr., pro se.*

2

January Term, 2001

_____