THE STATE EX REL. NELSON, APPELLANT, *v.* GRIFFIN, JUDGE, APPELLEE.

[Cite as *State ex rel. Nelson v. Griffin,*
103 Ohio St.3d 167, 2004-Ohio-4754.]

(No. 2004–0691—Submitted August 17, 2004—Decided September 22, 2004.)

———————

**Per Curiam.**

{¶ 1} In June 2002, appellee, Judge Burt W. Griffin of the Cuyahoga County Court of Common Pleas, sentenced appellant, Shawn Nelson, to an aggregate 12–year prison term upon his convictions for aggravated robbery, unlawful possession of dangerous ordnance, having a weapon while under disability, and certain firearm specifications. In June 2003, the court of appeals reversed Nelson's

conviction for unlawful possession of dangerous ordnance, affirmed his conviction for the other offenses, and remanded the cause to Judge Griffin for resentencing. *State v. Nelson,* Cuyahoga App. No. 81558, 2003-Ohio-3219, 2003 WL 21419298, appeal not accepted, 100 Ohio St.3d 1485, 2003-Ohio-5992, 798 N.E.2d 1093.

{¶ 2} On September 12, 2003, Judge Griffin sentenced Nelson to a total prison term of 12 years on his remaining convictions. On appeal, the court of appeals affirmed. *State v. Nelson,* Cuyahoga App. No. 83553, 2004-Ohio-2849, 2004 WL 1232155.

{¶ 3} On December 29, 2003, while his appeal from the resentencing was pending, Nelson filed a complaint in the court of appeals for a writ of mandamus or, in the alternative, a writ of prohibition compelling Judge Griffin to vacate his convictions and sentence. Nelson claimed that he had been convicted and sentenced upon a dismissed indictment. Judge Griffin moved to dismiss Nelson's complaint.

{¶ 4} On April 14, 2004, the court of appeals granted Judge Griffin's motion and dismissed the complaint.

{¶ 5} We affirm the judgment of the court of appeals. Nelson essentially requests release from prison, but habeas corpus, rather than mandamus or prohibition, is the proper action to seek this type of relief. See *State ex rel. Akbar–El v. Cuyahoga Cty. Court of Common Pleas* (2002), 94 Ohio St.3d 210, 210–211, 761 N.E.2d 624; *State ex rel. Key v. Spicer* (2001), 91 Ohio St.3d 469, 470, 746 N.E.2d 1119.

{¶ 6} Moreover, "extraordinary relief is not available to attack the validity or sufficiency of a charging instrument, and [appellant] had an adequate remedy in the ordinary course of law by appeal to raise this claim." *State ex rel. Bennett v. White* (2001), 93 Ohio St.3d 583, 584, 757 N.E.2d 364. "The manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted." *Orr v. Mack* (1998), 83 Ohio St.3d 429, 430, 700 N.E.2d 590.

{¶ 7} Finally, Nelson's reliance on an unsigned, unauthenticated municipal court notation to support his allegation that his indictment was dismissed is misplaced because courts speak only through journalized entries. See *State ex rel. Marshall v. Glavas,* 98 Ohio St.3d 297, 2003-Ohio-857, 784 N.E.2d 97, ¶ 5. In fact, Nelson's own filings in the court of appeals establish that he was tried, convicted, and sentenced upon an indictment that was never dismissed.

{¶ 8} Based on the foregoing, Nelson filed the wrong action for the requested relief, and even assuming that he had sought the appropriate writ, he would not

have been entitled to it. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Shawn Nelson, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Amy E. Venesile, Assistant Prosecuting Attorney, for appellee.