THE STATE EX REL. ELKO, APPELLANT, *v.* SUSTER, JUDGE, APPELLEE.

[Cite as *State ex rel. Elko v. Suster,* 110 Ohio St.3d 212, 2006-Ohio-4248.]

(No. 2006–0715—Submitted July 18, 2006—Decided August 30, 2006.)

---

Per Curiam.

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of mandamus to compel a common pleas court judge to vacate an inmate's convictions and sentences.

{¶ 2} Appellant, Jeffrey Elko, is imprisoned on numerous criminal convictions, including kidnapping, felonious assault, and sexual battery. On October 11, 2005, Elko filed a petition in the Court of Appeals for Cuyahoga County to compel appellee, Cuyahoga County Court of Common Pleas Judge Ronald Suster, to vacate his convictions and sentences in his criminal cases. Elko claimed that his criminal indictments were void because of the state's failure to follow proper statutory procedures. Judge Suster filed a motion to dismiss the petition, and on March 8, 2006, the court of appeals granted the motion.

{¶ 3} We affirm the judgment of the court of appeals. " '[E]xtraordinary relief is not available to attack the validity or sufficiency of a charging instrument, and [appellant] had an adequate remedy in the ordinary course of law by appeal to raise this claim.' " *State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, 814 N.E.2d 866, ¶ 6, quoting *State ex rel. Bennett v. White* (2001), 93 Ohio St.3d 583, 584, 757 N.E.2d 364. Consequently, a writ of mandamus will not issue to compel Judge Suster to vacate Elko's convictions and sentences on that basis. *State ex rel. Dix v. McAllister* (1998), 81 Ohio St.3d 107, 108, 689 N.E.2d 561. " 'The manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted.' " *Nelson*, at ¶ 6, quoting *Orr v. Mack* (1998), 83 Ohio St.3d 429, 430, 700 N.E.2d 590.

{¶ 4} Moreover, by requesting the vacation of his convictions and sentences, Elko essentially seeks release from prison. But "[h]abeas corpus, rather than mandamus, is the proper action to seek this type of relief." *State ex rel. Rowe v. McCown*, 108 Ohio St.3d 183, 2006-Ohio-548, 842 N.E.2d 51, ¶ 4.

{¶ 5} Based on the foregoing, Elko "filed the wrong action for the requested relief, and even assuming that he had sought the appropriate writ, he would not have been entitled to it." *Nelson*, supra, at ¶ 8. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

_____

Jeffrey Elko, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Mary H. McGrath, Assistant Prosecuting Attorney, for appellee.