[Cite as *In re R.W.*, 2014-Ohio-175.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: R.W. | : | APPEAL NOS. C-130151 |
| | | C-130152 |
| | : | TRIAL NOS. 12-10785Z |
| | | 12-10786Z |
| | : | *O P I N I O N.* |

Criminal Appeals From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  January 22, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Kari Bloom* and *Gordon Magella*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    In three assignments of error, the state argues that the trial court erred when it ordered the state to produce certain documents prior to a probable-cause bindover hearing and when it dismissed the case for witness unavailability and discovery violations.  We agree.

### The Lengthy Road to Dismissal

{¶2}    The state alleged that defendant-appellee R.W., a juvenile, had committed acts which, if committed by an adult, would have constituted the offenses of felonious assault and aggravated robbery with a firearm specification.  The state subsequently moved the trial court to relinquish jurisdiction and to bind R.W. over to the general division of the common pleas court.  The case was set for a probable-cause hearing on January 7, 2013.

{¶3}    On January 7, the parties appeared, but the trial court was uncertain if the case had been assigned to the proper judge.  The state noted that its witness from the coroner's office was not present, but indicated that she could be called in if needed.  The matter was being continued solely to determine which judge was to handle it.  At a subsequent pretrial conference, the trial court was satisfied that the matter was properly before it, and set the case for a new probable-cause hearing on February 4.

{¶4}    Prior to the January 7 hearing, R.W. had sent discovery requests to the state.  After the hearing, R.W. moved the trial court for an order compelling the state to comply with the discovery request and asked for numerous items including two police reports, a "301 report" and a "527(b) report."

{¶5}    At the February 4 hearing, the trial court ordered the state to produce the forms R.W. had requested and continued the matter to February 20.  The state was given until February 8 to comply.  On February 6, the state disclosed all reports except

2

the 527(b) report, and asked for a continuance of the hearing date because its witness from the coroner's office was unavailable on the scheduled hearing date. On February 11, R.W. filed a motion to dismiss as a sanction for failing to produce the 527(b) report. The state filed the final form, under seal, on February 19. At the hearing on February 20, the trial court dismissed the case against R.W. for the discovery violation, and because of the unavailability of the state's witness.

### The Order to Disclose was Improper

{¶6}     In its first assignment of error, the state claims that the trial court erred when it ordered the state to disclose the 301 and 527(b) reports. We agree.

{¶7}     The trial court's decision in this case was issued prior to our opinion in *In re DM*, 2013-Ohio-668, 989 N.E.2d 123 (1st Dist.). In that case, we addressed this precise issue and held that "prior to a probable-cause bindover hearing, the state must provide to a juvenile upon request *only* (1) any *Brady* materials in its possession and (2) the evidence that the state intends to use at the probable-cause hearing." (Emphasis added.) *Id.* at ¶ 9. The state had provided those materials, and the reports at issue did not fall within either category. The state—at that stage in the proceeding—cannot be compelled to produce the 301 and 527(b) reports. *Id.* at ¶ 13. Therefore, the trial court erred when it ordered the state to provide those reports to R.W.

{¶8}     We sustain the state's first assignment of error.

### Dismissal for Witness Unavailability was Improper

{¶9}     In its second assignment of error, the state argues that the trial court improperly denied its request for a continuance of the February 20 hearing and dismissed the case. We agree.

3

{¶10} In deciding a motion for continuance the trial court may consider the following factors: (1) the length of delay requested; (2) the number of continuances already requested; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the [moving party] contributed to the circumstance giving rise to the request for a continuance; and other relevant factors depending on the facts of the case. *State v. Landrum*, 53 Ohio St.3d 107, 115, 559 N.E.2d 710 (1990).

{¶11} Contrary to the belief of the trial court, the state had not sought a prior continuance because of the witness's unavailability. While the witness was not present at the initial hearing, the case was continued at that time solely for the purpose of determining the proper judge to hear the case. The state had indicated that, while the witness was not present, she could be called if needed and could be in court in 20 minutes.

{¶12} According to the record, the witness was not available on February 20 because she had not been consulted about her availability when the date for the hearing had been set, and was scheduled to be out-of-town on that day. The state shortly discovered the scheduling problem and asked for a continuance two weeks prior to the hearing date. Therefore, the state did everything possible to mitigate the situation and cannot be said to have contributed to the circumstances giving rise to the request such that a dismissal was proper. Further, there was no discussion of how the delay would inconvenience the parties, witnesses, or the court.

{¶13} Under the facts of this case, we conclude that the trial court abused its discretion when it denied the state's request for a continuance and dismissed the case. We sustain the state's second assignment of error.

**Dismissal for Discovery Violations was Improper**

{¶14}    Finally, the state argues that the trial court abused its discretion when it dismissed the case for the claimed discovery violation.   Since the trial court improperly ordered the state to turn the reports over, the imposed sanction that resulted from that determination was also erroneous.   *See In re D.M.* at ¶ 13 (since the underlying discovery order was erroneous, the trial court erred when it dismissed the case).   We sustain the state's third assignment of error.

**Conclusion**

{¶15}    Having considered and determined all assignments of error, we reverse the decision of the trial court and remand this cause with instructions to the trial court to schedule a probable-cause hearing and for further proceedings consistent with law and this opinion.

Judgment reversed and cause remanded.

**HENDON, P.J.,**  and **HILDEBRANDT, J.**, concur.

Please note:
   The court has recorded its own entry on the date of the release of this opinion.