THE STATE EX REL. MCCULLER, APPELLANT, *v.* CUYAHOGA COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION, APPELLEE.

[Cite as *State ex rel. McCuller v. Cuyahoga Cty. Court of Common Pleas,* 143 Ohio St.3d 130, 2015-Ohio-1563.]

(No. 2014–1197—Submitted February 3, 2015—Decided April 28, 2015.)

**Per Curiam.**

{¶ 1} We affirm the court of appeals' judgment denying the petition of appellant, Charles McCuller, for a writ of mandamus and/or procedendo. McCuller was charged in 1979 in juvenile court in five cases. In each of the cases, the juvenile court held a bindover hearing and transferred the case to the common pleas court. McCuller was eventually convicted in three of the five cases.

{¶ 2} In 2013, he filed a complaint for a writ of procedendo and/or mandamus in the Cuyahoga County Court of Appeals, arguing that the juvenile judge failed to sign and the clerk failed to journalize each bindover order. He asks for an order requiring respondent-appellee, the juvenile division of the Cuyahoga County Court of Common Pleas, "to proceed to judgment on the state's motion to relinquish jurisdiction."

{¶ 3} Because he had adequate remedies at law in three cases, and because the issue is res judicata as to four cases (including the three cases just mentioned), the court of appeals properly denied the writ. No meaningful relief is available in the fifth case, and therefore the writ was properly denied in that instance as well.

*Facts and procedural history*

**Case No. DL–7900442/CR–79–048254–ZA**

{¶ 4} On April 17, 1979, McCuller, then 17 years old, was charged in juvenile court with one count of attempted rape and one count of felonious assault. On June 1 of that year, the juvenile court had a bindover hearing and transferred the case to the Cuyahoga County Court of Common Pleas. On July 26, McCuller was

indicted by the grand jury, and on January 11, 1980, he pleaded guilty to the indictment. He was sentenced to 5 to 15 years on February 15, 1980. His sentence for those offenses and for others was completed on October 8, 2002.

**Case No. DL–7905098/CR–79–048919–ZA**

{¶ 5} On June 27, 1979, McCuller was charged in juvenile court with one count of attempted rape. On July 9, the juvenile court conducted a bindover hearing and transferred the case to the common pleas court. On August 14, McCuller was indicted, and on January 11, 1980, he pleaded guilty. He was sentenced on February 15 to 7 to 25 years. He was released on October 8, 2002.

**Case No. DL–7909646/CR–79–052011–ZA**

{¶ 6} On June 27, 1979, McCuller was charged in juvenile court with one count of kidnapping and one count of rape. On July 9, the court held a bindover hearing and transferred the case to the court of common pleas. On December 5, McCuller was indicted, and on January 11, 1980, he pleaded guilty to one count of rape. On February 15, he was sentenced to 7 to 25 years. He was released on October 8, 2002.

**Case No. DL–7906998/CR–79–049139–A**

{¶ 7} On May 11, 1979, McCuller was charged in juvenile court with breaking and entering and possession of criminal tools. On June 1, the juvenile court held a bindover hearing and transferred the case to the court of common pleas. On July 26, McCuller was indicted, but on January 11, 1980, both counts were nolled.

**Case No. DL–7909498**

{¶ 8} On June 28, 1979, McCuller was charged in juvenile court with breaking and entering and possession of criminal tools. The juvenile court held a bindover hearing and transferred the case to the court of common pleas. No record exists showing that McCuller was ever indicted in common pleas court for these offenses.

**Petition for procedendo/mandamus**

{¶ 9} Even though he has completed his sentences on these convictions and was released in 2002,[1] McCuller, on July 22, 2013, filed a complaint for a writ of procedendo/mandamus in the Court of Appeals for the Eighth District, arguing that the bindovers were invalid because they had not been signed by a judge or journalized by the court's clerk and therefore violated Crim.R. 32 and Civ.R. 58. He apparently wants a writ ordering the juvenile court to proceed to judgment on the motions for bindover. He claims that the delay has robbed him of due process. The juvenile court filed a motion for summary judgment, and McCuller responded.

---

1. McCuller was reincarcerated on April 7, 2005, for various offenses, including rape, robbery, and felonious assault.

{¶ 10} The court of appeals granted summary judgment to respondent and denied the writ. McCuller appealed.

*Analysis*

{¶ 11} To be entitled to a writ of procedendo, McCuller must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

{¶ 12} To be entitled to a writ of mandamus, McCuller must establish a clear legal right to the requested relief, a clear legal duty on the part of the court to grant it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Appeal is generally considered an adequate remedy sufficient to preclude a writ. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus.

{¶ 13} Thus, if McCuller has an adequate remedy at law, he is precluded from receiving relief in either procedendo or mandamus. The court of appeals concluded that McCuller had an adequate remedy at law by way of a direct appeal of his convictions and sentences.

{¶ 14} McCuller claims that he is not challenging the bindover procedure itself. Instead, he wants the court to "proceed to judgment" on the cases he claims are still pending because the bindover entries were never signed by the judge and were never journalized. However, in three of the five cases, McCuller was in fact transferred to the common pleas court, pleaded guilty, and was convicted and sentenced. The court has clearly "proceeded to judgment" on those bindovers, whether they were proper or not. He could have challenged these bindovers in his appeal of the criminal convictions, and therefore he had an adequate remedy.

{¶ 15} In the remaining two cases, one (CR–79–049139–A) was dismissed because all charges were nolled. Before filing this action, McCuller filed a similar action in mandamus and prohibition arguing that this bindover, along with the bindover in case No. CR–79–052011–ZA, was improper and thus that his criminal cases were void ab initio. *State ex rel. McCuller v. Calabrese*, 8th Dist. Cuyahoga No. 96764, 2011-Ohio-3992, 2011 WL 3557032. In that case, the Eighth District noted that the charges in case No. CR–79–049139–A had been nolled and denied the writs. The court concluded that "[i]t is difficult to see how any meaningful relief could be granted in that case. A writ will not issue to compel a vain act." *Id.* at ¶ 10. McCuller apparently did not appeal that decision further.

{¶ 16} Thus, res judicata prevents any court from issuing a writ on behalf of McCuller for four of the five claims here. The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995), citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969); *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058 (1989). As to claim preclusion, a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them. *Grava*, citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus, and *Whitehead*, paragraph one of the syllabus. Moreover, an existing final judgment or decree between the parties is conclusive as to all claims that were or might have been litigated in a first lawsuit. *Id.* at 382, citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990), and *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (1986). Res judicata requires a plaintiff to present every ground for relief in the first action or be forever barred from asserting it. *Id.*, quoting *Natl. Amusements* at 62.

{¶ 17} Here, McCuller filed a previous writ action in which he asserted his claims regarding faulty bindover in two of the cases he now complains of. 2011-Ohio-3992, 2011 WL 3557032. Whatever arguments he makes here about the court proceeding to judgment on those bindovers could have been made in the earlier case. Two of the other bindovers could have been challenged on direct appeal of McCuller's convictions. His claims in four of the five cases are therefore res judicata, and the court of appeals was correct to deny the writ with respect to those claims.

{¶ 18} In his final case, juvenile court case No. DL–7909498, no record exists of any prosecution or conviction after the bindover. It appears that for whatever reason, McCuller escaped the consequences that typically follow a bindover. Therefore, McCuller suffered no harm from any error that might have been committed by the juvenile court regarding this bindover. Granting a writ to compel the juvenile court to issue a new bindover order would not result in any meaningful relief for McCuller, as he would receive no benefit from such an order. A writ will not issue to compel a vain act. *State ex rel. Vaughn v. Money*, 104 Ohio St.3d 322, 2004-Ohio-6561, 819 N.E.2d 681, ¶ 11, quoting *State ex rel. Cotton v. Ghee*, 84 Ohio St.3d 54, 55, 701 N.E.2d 989 (1998).

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

Charles D. McCuller, pro se.

Timothy McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.