Per Curiam.
{¶ 1} This is an original action in which relator, R.W., seeks a writ of prohibition to preclude further proceedings in Hamilton County Juvenile Court in two cases that were instituted in 2012. Because R.W. has an adequate remedy in the ordinary course of law by way of appeal and is unable to establish that the juvenile court patently and unambiguously lacks jurisdiction, we deny the writ.
Facts
{¶ 2} R.W. was a 17-year-old juvenile at the time delinquency complaints were filed against him. Respondent is Judge John M. Williams, judge of the juvenile division of the Hamilton County Court of Common Pleas.
{¶ 3} In October 2012, the state alleged in two cases that R.W. had committed acts that if committed by an adult would have constituted felonious assault and aggravated robbery, each with a firearm specification. R.W.’s two cases were initially assigned to Juvenile Division Judge Tracie Hunter’s docket. However, the cases were heard by Judge Williams because they were paired with an earlier case that had been assigned to him.
{¶ 4} Shortly thereafter, the state moved to bind R.W. over to the general division. The bindover hearing was set for later in October 2012, but the state was not able to go forward at that time. Judge Williams denied the state’s request for a continuance and dismissed the cases without prejudice.
{¶ 5} The complaints were refiled in November 2012 under new case numbers and were heard by Judge Hunter. In December, the state again filed motions for bindover, and R.W. filed a request for discovery. In January 2013, the state provided a partial discovery response. The bindover hearing was set for later that month but was continued.
{¶ 6} In the interim, R.W. filed a motion to compel discovery of various police reports. At a February 4 hearing held on only the motion to compel, Judge *92 Hunter ordered the state to comply with R.W.’s discovery request and scheduled the bindover hearing for February 20, 2013.
{¶ 7} On February 6, the state disclosed all requested documents except for a police report known as Form 527B, the Trial Preparation Report. R.W. filed a motion to show cause and moved to dismiss the case as a sanction for the failure to produce the report. In response, the state filed a copy of the disputed report under seal. At the February 20 hearing, Judge Hunter dismissed the cases with prejudice as a sanction for the discovery violation and also due to the multiple continuances sought by the state associated with unavailable witnesses.
{¶ 8} The state appealed the dismissal to the court of appeals, which reversed based on its decision in In re D.M., 2013-Ohio-668, 989 N.E.2d 123 (1st Dist.). In re R.W., 1st Dist. Hamilton Nos. C-130151 and C-130152, 2014-Ohio-175, 2014 WL 238461, ¶ 6-8, 14. In In re D.M., the First District had held that a juvenile was not entitled to two police reports, including a 527B report, for a bindover hearing. In re D.M. at ¶ 13. Therefore, in R.W.’s case, the court of appeals held that because the trial court “improperly ordered the state to turn the reports over, the imposed sanction that resulted from that determination was also erroneous.” In re R.W. at ¶ 14. The court of appeals also found that dismissing the case with prejudice rather than granting a continuance was an abuse of discretion, id. at ¶ 9-13, and reversed and remanded to the trial court with instructions to schedule a bindover hearing and for further proceedings, id. at ¶ 15.
{¶ 9} In March 2014, R.W. appealed to this court, raising two propositions of law, one concerning the discovery issue and the other the dismissal issue. We accepted jurisdiction, held the case for the decision in In re D.M., and stayed the briefing schedule. In re R.W., 139 Ohio St.3d 1416, 2014-Ohio-2487, 10 N.E.3d 737.
{¶ 10} In August 2014, we reversed the First District’s decision in In re D.M., holding that Juv.R. 24 applies to bindover proceedings and that the state was obligated to produce materials discoverable under that rule. In re D.M., 140 Ohio St.3d 309, 2014-Ohio-3628, 18 N.E.3d 404, ¶ 2, 12. Given our decision in In re D.M., we reversed the judgment of the First District in In re R.W. by entry. 140 Ohio St.3d 1433, 2014-Ohio-4160, 16 N.E.3d 678. Our order did not direct that the cause be remanded, nor did it specify a proposition of law; rather the order simply stated: “On consideration thereof, the judgment of the court of appeals is reversed on the authority of In re D.M.” Id.
{¶ 11} In November 2014, the state filed a request to schedule a bindover hearing for R.W. before Judge Williams. R.W. filed a memorandum in response, arguing primarily that his cases had been dismissed with prejudice and had been reviewed by this court without remand. Judge Williams held oral argument, *93 issued a written decision granting the state’s motion to schedule a bindover hearing, and scheduled the hearing for February 2015.
{¶ 12} R.W. asks for a writ of prohibition to prevent Judge Williams from proceeding with the hearing or otherwise exercising judicial power over him. We issued an alternative writ on February 4, 2015. 141 Ohio St.3d 1464, 2015-Ohio-404, 24 N.E.3d 1183.
Analysis
{¶ 13} To be entitled to the requested writ of prohibition, R.W. must establish that (1) Judge Williams is about to exercise or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. State ex rel. Bell v. Pfeiffer, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; State ex rel. Miller v. Warren Cty. Bd. of Elections, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12. Even if an adequate remedy exists, a writ may issue if the lack of jurisdiction is “ ‘patent and unambiguous.’ ” State ex rel. V.K.B. v. Smith, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 9, quoting Chesapeake Exploration, L.L.C. v. Oil & Gas Comm., 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.
{¶ 14} Judge Williams is exercising judicial power in setting and holding a bindover hearing. While he asserts that he has no adequate remedy in the ordinary course of law, R.W. unquestionably has a remedy by way of appeal of any conviction. We therefore consider whether Judge Williams patently and unambiguously lacks jurisdiction to proceed.
{¶ 15} We reversed the judgment of the court of appeals in In re R.W. based on the holding in In re D.M. In In re D.M., we remanded the case to the juvenile court for further proceedings, and we instructed that those proceedings include an in camera inspection of the withheld documents to determine whether they contained material that should be redacted.
{¶ 16} In his appeal from the decision of the court of appeals in In re R.W., R.W. raised two issues. The first issue was the one resolved in In re D.M., i.e., whether a juvenile is entitled to full discovery prior to the bindover hearing provided in R.C. 2152.12. The effect of our order in In re R.W. as to this issue was to reinstate the trial court’s order directing the state to produce R.W.’s 527B report to the defense.
{¶ 17} However, R.W. had also raised a second proposition of law — one that was not addressed in In re D.M. — that is, whether trial courts may consider previous dismissals and failures to comply with discovery orders before continuing or dismissing a case. We accepted jurisdiction in In re R.W. without making any distinction between the two propositions of law. Similarly, when we issued *94 our order in In re R.W., the case was “reversed on the authority of In re DM.,” and the second proposition of law was not mentioned. 140 Ohio St.3d 1433, 2014-Ohio-4160, 16 N.E.3d 678.
{¶ 18} R.W. argues that our reversal of the judgment of the court of appeals in In re R.W., together with the lack of a mention of a remand, means that Judge Hunter’s dismissal with prejudice has been reinstated and that no reconsideration of that decision is possible. But because we did not consider R.W.’s second proposition, our reversal “on the authority of In re DM.” did not necessarily act to reinstate the dismissal with prejudice. See, e.g., State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 11 (“ ‘[a] reported decision, although a case where the question might have been raised, is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication’ ” [ellipsis sic]), quoting State ex rel. Gordon v. Rhodes, 158 Ohio St. 129, 107 N.E.2d 206 (1952), paragraph one of the syllabus. Therefore, the juvenile court does not “patently and unambiguously” lack jurisdiction to conduct further proceedings.
Conclusion
{¶ 19} R.W. has an adequate remedy in the ordinary course of law by way of appeal, and Judge Williams does not patently and unambiguously lack jurisdiction to proceed. Therefore, R.W. has not established his entitlement to the requested writ of prohibition.
Writ denied.
O’ConnoR, C.J., and Pfeifer, O’Donnell, LanzingeR, and Kennedy, JJ., concur.
French and O’Neill, JJ., dissent.