[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Johnson v. Sloan,* Slip Opinion No. 2018-Ohio-2120.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2120

JOHNSON, APPELLANT, *v*. SLOAN, APPELLEE.

THE STATE EX REL. JOHNSON, APPELLANT, *v*. CUYAHOGA COUNTY COURT OF COMMON PLEAS, APPELLEE, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Johnson v. Sloan,* Slip Opinion No. 2018-Ohio-2120.]

*Habeas corpus—Prohibition and mandamus—Inmate fails to state claim cognizable in habeas corpus—Inmate failed to raise on direct appeal his challenge to adult court's jurisdiction to convict him—Court of appeals' judgments dismissing petitions affirmed.*

(Nos. 2016-1284 and 2017-0272—Submitted November 21, 2017—Decided June 5, 2018.)

APPEAL from the Court of Appeals for Ashtabula County, No. 2016-CA-0009, 2016-Ohio-5375.

APPEAL from the Court of Appeals for Cuyahoga County, No. 104891, 2017-Ohio-394.

_____

**Per Curiam.**

{¶ 1} These two appeals, which we consolidate for decision, arise out of the same underlying facts. In case No. 2016-1284, appellant, Robert L. Johnson, appeals the judgment of the Eleventh District Court of Appeals dismissing his petition for a writ of habeas corpus. And in case No. 2017-0272, he appeals the judgment of the Eighth District Court of Appeals dismissing his petition for writs of prohibition and mandamus. We affirm both judgments.

## Background

{¶ 2} For purposes of reviewing the court of appeals' dismissals of Johnson's petitions, we accept the following factual allegations as true. *See Coleman v. Portage Cty. Engineer*, 133 Ohio St.3d 28, 2012-Ohio-3881, 975 N.E.2d 952, ¶ 2, fn. 1.

{¶ 3} In December 1986, when Johnson was 15 years old, he and his older brother Charles went on a crime spree. On December 12, they engaged in fraudulent transactions with the May Company. On December 23, they committed two armed robberies—one of the Lawson Milk Company and another of David Sotka. And on December 24, they murdered and robbed Christine Kozak.

{¶ 4} These offenses resulted in Johnson's convictions in two separate common pleas cases: one case involving the offenses committed against Kozak ("the Kozak case") and the other case involving the robberies of Sotka and the Lawson Milk Company ("the Sotka case"). In his habeas petition, Johnson alleged that the general division of the common pleas court lacked jurisdiction in the Kozak case due to his allegedly defective transfer from the juvenile division. And in his prohibition-and-mandamus petition, Johnson challenged the jurisdiction of the general division of the common pleas court in the Sotka case, based on a different alleged bindover error.

**The habeas petition** (case No. 2016-1284)

*Background*

{¶ 5} When a child is arrested for committing a felony or misdemeanor, proceedings regarding the child must initially be held in juvenile court. R.C. 2152.03.[1] As a result, the juvenile court has "exclusive jurisdiction over children alleged to be delinquent for committing acts that would constitute a crime if committed by an adult." *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 11.

{¶ 6} R.C. 2152.12(B) (formerly R.C. 2151.26(B)) allows for the discretionary transfer of certain juveniles to adult court to face criminal charges. A juvenile-court judge has the discretion "to transfer or bind over to adult court certain juveniles who do not appear to be amenable to care or rehabilitation within the juvenile system or appear to be a threat to public safety." *State v. Hanning*, 89 Ohio St.3d 86, 90, 728 N.E.2d 1059 (2000). Before ordering a discretionary transfer, the juvenile court must conduct an investigation into whether the child is amenable to rehabilitation in the juvenile-justice system, and the investigation must include a mental examination of the child. R.C. 2152.12(C); *State v. D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, 978 N.E.2d 894, ¶ 10-12. At the time of Johnson's offenses, the investigation also had to include a "physical examination of the child made by a public or private agency, or a person qualified to make the examination." Former R.C. 2151.26(A)(3), Am.S.B. No. 210, 140 Ohio Laws, Part I, 583, 586.[2]

{¶ 7} In January 1987, Johnson was charged with aggravated murder in the juvenile division of the Cuyahoga County Court of Common Pleas. On March 11, 1987, the juvenile court held a bindover hearing for Johnson and journalized an

---

[1] R.C. 2152.02(C)(1) defines "child" as a person under the age of 18. There is no dispute that Johnson was a child at the time of his offenses.

[2] The General Assembly eliminated the physical-examination requirement as of January 1, 1996. Am.Sub.H.B. No. 1, 146 Ohio Laws, Part I, 1, 19, 98; *State v. Golphin*, 81 Ohio St.3d 543, 546, 692 N.E.2d 608 (1998).

entry transferring him to the general division. Johnson alleges that he was never given the mandatory physical examination, even though the transfer order indicated that a physical examination had occurred.

{¶ 8} Once he had been transferred, Johnson was indicted in adult court on charges of aggravated murder and aggravated robbery in connection with the death of Kozak. He pleaded guilty to one count of aggravated murder with a felony-murder specification and one count of aggravated robbery (of Kozak), and the court accepted the state's recommendations to dismiss the remaining charges arising from the offenses committed against Kozak and to dismiss the charges relating to the fraudulent transactions with the May Company. Johnson was sentenced to a prison term of 20 years to life for aggravated murder, a concurrent prison term of 10 to 25 years for aggravated robbery, and a consecutive prison term of 3 years for the gun specification (for a total of 23 years to life).

{¶ 9} On September 19, 2016, he filed in the Eleventh District Court of Appeals a petition for a writ of habeas corpus against appellee Brigham Sloan, warden of Lake Erie Correctional Institution. Johnson asserted that the adult court lacked jurisdiction to sentence him, due to the juvenile court's failure to abide by the physical-examination requirement of the former bindover statute. And if the sentencing court lacked jurisdiction in the Kozak case, he alleged, then he is entitled to immediate release from prison, because he has served the entirety of his sentence for aggravated robbery in the Sotka case (which is the subject of Johnson's prohibition-and-mandamus petition, discussed below).

{¶ 10} On August 15, 2016, the court of appeals granted Sloan's motion to dismiss the habeas petition for failure to state a claim upon which relief may be granted. According to the court of appeals, the juvenile court's bindover order reflects that

4

the requirements for a proper bindover were met; therefore, any alleged lack of jurisdiction was not "patent and unambiguous." Mr. Johnson possessed an adequate remedy at law to raise the physical examination issue in his direct appeal from his conviction and sentence, which he did not do. Therefore, even presuming these allegations as true, Mr. Johnson can prove no set of facts that would entitle him to relief, by means of a writ of habeas corpus, for lack of a physical examination prior to bindover.

*Johnson v. Sloan*, 2016-Ohio-5375, ¶ 15.

{¶ 11} Johnson appealed to this court.

*The request for oral argument*

{¶ 12} Pursuant to S.Ct.Prac.R. 17.02, Johnson requests oral argument on the issue of when a defective or incorrect judicial entry is susceptible to collateral attack (i.e., the entry is void) and when such an entry may be challenged only by seeking a nunc pro tunc correction in the court that issued the entry (i.e., the entry is voidable). In cases such as this, we have discretion to grant or deny a request for oral argument, and in exercising that discretion, we will consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among the courts of appeals. *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15.

{¶ 13} We have considered the issue raised in this case on numerous occasions. *See, e.g.*, *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234; *State v. Wesson*, 137 Ohio St.3d 309, 2013-Ohio-4575, 999 N.E.2d 557, ¶ 63-68. There is no reason to believe that additional oral argument on the issue will bring to light new facts or arguments that would help prevent the issue from recurring in the future. The motion for oral argument is therefore denied.

*Analysis*

**{¶ 14}** Absent a proper bindover, the juvenile court has exclusive subject-matter jurisdiction over any case concerning a child who is alleged to be delinquent. *State v. Wilson*, 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995). If the juvenile court fails to comply with the mandatory requirements of the bindover statute, its purported transfer to adult court is ineffective and any judgment issued by the adult court is void. *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 617, 752 N.E.2d 1153 (2001). If the juvenile court fails to require a physical examination when mandated by statute, the resulting judgment in the adult court is void. *State v. Golphin*, 81 Ohio St.3d 543, 547, 692 N.E.2d 608 (1998).

**{¶ 15}** In *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 151, 656 N.E.2d 1282 (1995), an inmate sought a writ of habeas corpus, alleging that he had been transferred from juvenile court to adult court without the mandatory physical and mental examinations. We held that *if* the bindover was improper, his conviction in adult court would be void and Gaskins would be entitled to habeas relief. *Id.* at 151. We remanded the case to the court of appeals to determine whether the bindover was proper.

**{¶ 16}** On remand, the court of appeals ordered the warden to respond to Gaskins's petition and ultimately dismissed the petition based on a statement in the transfer order that Gaskins had waived his right to the physical and mental examinations. We affirmed, holding that

> [s]ince Gaskins' claims of improper bindover below * * * are rebutted by the juvenile court journal entry incorporated in [the warden's response], the court of appeals did not err in denying his requested habeas corpus relief without first holding a hearing, waiting for the completion of discovery, or requiring Gaskins's presence before the court.

*Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 382-383, 667 N.E.2d 1194 (1996) ("*Gaskins II*"). We also noted that habeas relief is not available to an inmate who has an adequate remedy at law and that Gaskins could have pursued other remedies to challenge the transfer order. *Id*. at 383.

{¶ 17} The facts in *Gaskins II* are analogous to those presented by Johnson in this case. Based on that authority, the court of appeals was correct to dismiss his petition for failure to state a claim cognizable in habeas corpus.

**The prohibition-and-mandamus petition** (case No. 2017-0272)

*Background*

{¶ 18} In 1987, Johnson was charged in juvenile court with the aggravated robbery of Sotka and the aggravated robbery of the Lawson Milk Company. On October 2, the juvenile court held a bindover hearing and transferred Johnson to adult court.

{¶ 19} On October 5, Johnson was charged with two counts of aggravated robbery in adult court. That same day, Johnson pleaded guilty to the aggravated robbery of Sotka and the court dismissed the count charging Johnson with the aggravated robbery of the Lawson Milk Company. On December 7, he was sentenced to a prison term of 10 to 25 years (to run concurrently with the sentences imposed on him in the Kozak case), plus 3 years in prison for a gun specification.

{¶ 20} Although the juvenile court orally relinquished jurisdiction in the Sotka case on October 2, the court did not file entries transferring Johnson to the jurisdiction of the adult court until October 13, *after* Johnson had pleaded guilty to the aggravated robbery of Sotka in adult court.

{¶ 21} Based on these facts, on August 29, 2016, Johnson filed a petition for writs of prohibition and mandamus against appellee Cuyahoga County Court of Common Pleas. He asked for a writ of prohibition declaring void and vacating his conviction for the aggravated robbery of Sotka. In addition, because the gun-

specification sentence imposed on him in the Sotka case was tacked onto his sentence in the Kozak case, he requested a writ of mandamus to compel the common pleas court to conduct a new sentencing hearing in the Kozak case (assuming that his convictions in that case are not voided in his habeas action).

{¶ 22} On January 27, 2017, the Eighth District Court of Appeals granted the common pleas court's motion to dismiss. Johnson timely appealed.

*Analysis*

{¶ 23} A transfer "abates" the jurisdiction of the juvenile court over the delinquent acts alleged in the complaint and places jurisdiction over the case with the transferee court. R.C. 2152.12(I). As noted above, the juvenile court must comply with the requirements of the bindover statute in order to transfer a juvenile to adult court, *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d at 618, 752 N.E.2d 1153, including the requirement that the juvenile court issue a statement of the reasons for the transfer, R.C. 2152.12(I); *see also* Jud.R. 30(G) (requiring that a juvenile court's transfer order state the reasons for the transfer). As of October 5, 1987, when Johnson pleaded guilty to the aggravated robbery of Sotka, there was no transfer order on file in the adult court. The court of appeals held that this oversight did not affect a substantial right of Johnson's and did not deprive the adult court of subject-matter jurisdiction. *State ex rel. Johnson v. Cuyahoga Cty. Court of Common Pleas*, 2017-Ohio-394, 83 N.E.3d 213, ¶ 15.

{¶ 24} Generally, a relator is not entitled to extraordinary relief if he or she has an adequate remedy in the ordinary course of the law. *State ex rel. Huntington Natl. Park v. Kontos*, 145 Ohio St.3d 102, 2015-Ohio-5190, 47 N.E.3d 133, ¶ 18 (prohibition case); *State ex rel. Ervin v. Barker*, 136 Ohio St.3d 160, 2013-Ohio-3171, 991 N.E.2d 1146, ¶ 11 (mandamus case). Johnson had an adequate remedy by way of appeal to challenge the validity of the bindover.

{¶ 25} The facts in this case are nearly identical to those in *State ex rel. McCuller v. Cuyahoga Cty. Court of Common Pleas*, 143 Ohio St.3d 130, 2015-

Ohio-1563, 34 N.E.3d 905. McCuller, who was 17 years old at the time, was charged in juvenile court with multiple felony offenses in three separate cases. Following bindover hearings, the juvenile court transferred the cases to adult court, where McCuller pleaded guilty to one count of rape, two counts of attempted rape, and one count of felonious assault. *Id*. at ¶ 4-6. Thirty-three years later, he filed a complaint for a "writ of mandamus/procedendo," arguing that the bindover orders had not been signed by the juvenile-court judge or journalized. *Id*. at ¶ 9. We affirmed the court of appeals' denial of the writ because McCuller "could have challenged these bindovers in his appeal of the criminal convictions, and therefore he had an adequate remedy." *Id*. at ¶ 14.

**{¶ 26}** As a general rule, even if an adequate remedy exists, a writ of prohibition may issue if the lack of jurisdiction is patent and unambiguous. *State ex rel. Mancino v. Tuscarawas Cty. Court of Common Pleas*, 151 Ohio St.3d 35, 2017-Ohio-7528, 85 N.E.3d 713, ¶ 9. Johnson invokes this exception by arguing that the adult court patently and unambiguously lacked jurisdiction when it convicted him. However, our jurisprudence has long established that even if a transfer order is facially invalid, prohibition will not issue because " 'any error complained of [in a transfer order] must be raised in an appeal from the judgment of the Court of Common Pleas.' " (Brackets sic.) *State ex rel. Torres v. Simmons*, 68 Ohio St.2d 118, 119, 428 N.E.2d 862 (1981), quoting *In re Becker*, 39 Ohio St.2d 84, 87, 314 N.E.2d 158 (1974); *see also McCuller v. Common Pleas Court, Juvenile Div.*, 8th Dist. Cuyahoga No. 100143, 2013-Ohio-4929, ¶ 13 ("Any error in a juvenile bindover is reviewable only upon a direct appeal following a conviction of the offense or offenses after the juvenile is bound over to the court of common pleas").

**{¶ 27}** Accordingly, we affirm the dismissal of Johnson's request for a writ of prohibition. And because his mandamus claim is contingent on the success of

his prohibition claim, we affirm the dismissal of his request for a writ of mandamus as well.

Judgments affirmed.

O'CONNOR, C.J., and FRENCH and FISCHER, JJ., concur.

KENNEDY, J., concurs in No. 2016-1284 and concurs in judgment only in No. 2017-0272, with an opinion.

DEWINE, J., concurs in judgment only.

O'DONNELL and DEGENARO, JJ., not participating.

_____

**KENNEDY, J., concurring in case No. 2016-1284 and concurring in judgment only in case No. 2017-0272.**

{¶ 28} I join the majority's opinion to the extent that it affirms the Eleventh District Court of Appeals' dismissal of the petition for a writ of habeas corpus filed by appellant, Robert L. Johnson, in case No. 2016-1284. However, because the majority fails to explain why the general division of the Cuyahoga County Court of Common Pleas did not patently and unambiguously lack subject-matter jurisdiction to convict Johnson of aggravated robbery, I concur only in its judgment affirming the Eighth District Court of Appeals' dismissal of his petition for writs of prohibition and mandamus in case No. 2017-0272.

{¶ 29} A ruling on the prohibition claim is determinative here. To be entitled to a writ of prohibition, Johnson must establish that the respondent is about to exercise or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. R.W. v. Williams*, 146 Ohio St.3d 91, 2016-Ohio-562, 52 N.E.3d 1176, ¶ 13. However, "[w]here jurisdiction is patently and unambiguously lacking, relators need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial." *State ex rel. Sapp v. Franklin Cty.*

10

*Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15. And "[i]f an inferior tribunal patently and unambiguously lacks jurisdiction, prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Baker v. State Personnel Bd. of Rev.*, 85 Ohio St.3d 640, 642, 710 N.E.2d 706 (1999).

**{¶ 30}** The majority acknowledges our caselaw holding that "[a]bsent a proper bindover procedure pursuant to R.C. 2151.26, the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent." *State v. Wilson*, 73 Ohio St.3d 40, 652 N.E.2d 196 (1995), paragraph one of the syllabus; *accord Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 617, 757 N.E.2d 1153 (2001). We explained in those cases that the general division of a court of common pleas lacks subject-matter jurisdiction to convict and sentence a child whose case has not been lawfully transferred to that court. *Wilson* at 44; *Timmerman-Cooper* at 617.

**{¶ 31}** Nonetheless, the majority maintains that "our jurisprudence has long established that even if a transfer order is facially invalid, prohibition will not issue because ' "any error complained of [in a transfer order] must be raised in an appeal from the judgment of the Court of Common Pleas." ' " (Brackets sic.) Majority opinion at ¶ 26, quoting *State ex rel. Torres v. Simmons*, 68 Ohio St.2d 118, 119, 428 N.E.2d 862 (1981), quoting *In re Becker*, 39 Ohio St.2d 84, 87, 314 N.E.2d 158 (1974). The problem with that analysis, however, is that in *Becker*, we addressed only the question whether a transfer order is a final, appealable order, and both *Torres* and *Becker* predate our holdings in *Wilson* and *Timmerman-Cooper* that the subject-matter jurisdiction of the general division of the common pleas court depends on "a proper bindover procedure." Therefore, neither *Torres* nor *Becker* speaks to the question whether a transfer order that is invalid on its face comports with the "proper bindover procedure" required by our caselaw.

**{¶ 32}** The majority's reliance on *State ex rel. McCuller v. Cuyahoga Cty. Court of Common Pleas*, 143 Ohio St.3d 130, 2015-Ohio-1563, 34 N.E.3d 905, is similarly misplaced. There, the relator sought a writ of procedendo to compel the juvenile court to proceed to judgment based on its failure to journalize bindover orders issued decades earlier. That case did not involve the question whether a writ of prohibition should issue to the adult court to vacate the relator's convictions. But to the extent that *McCuller* stands for the proposition that the failure to journalize an entry can be remedied on appeal, it runs counter to our precedent holding that an unjournalized order is not final and appealable. *See Cleveland v. Trzebuckowski*, 85 Ohio St.3d 524, 526, 709 N.E.2d 1148 (1999). This court has long recognized that a " ' "court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." ' " *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337, 686 N.E.2d 267 (1997), quoting *State ex rel. Hanley v. Roberts*, 17 Ohio St.3d 1, 4, 476 N.E.2d 1019 (1985), quoting *Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus. A trial court's order is therefore effective only when journalized, *id.*, and we have described the lack of journalization as an "egregious defec[t]" that "permit[s] a court to vacate its previous orders." *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 19.

**{¶ 33}** Although I disagree with the majority's analysis, I agree that the general division of the common pleas court did not patently and unambiguously lack jurisdiction to convict Johnson.

**Background**

**{¶ 34}** In January 1987, a complaint was filed in the juvenile division of the Cuyahoga County Court of Common Pleas alleging that Johnson was a delinquent child for committing acts that would constitute aggravated murder if committed by an adult. The juvenile court conducted an amenability hearing and transferred the case to the general division of the Cuyahoga County Court of Common Pleas on

March 11, 1987, and a grand jury indicted Johnson on April 13, 1987, for the aggravated murder and aggravated robbery of Christine Kozak. That same month, a grand jury indicted Johnson on five counts each of uttering and forgery and two counts of theft, all crimes against the May Company.

{¶ 35} Separate complaints were filed in the juvenile division of the Cuyahoga County Court of Common Pleas on July 8, 1987, and August 17, 1987, each alleging that Johnson was a delinquent child for committing acts constituting aggravated robbery if committed by an adult. The first complaint pertained to the robbery of David Sotka and the second pertained to the robbery of the Lawson Milk Company.

{¶ 36} On September 28, 1987, in the general division of the common pleas court, Johnson pleaded guilty to one count of aggravated murder in exchange for the dismissal of a second count of aggravated murder and the aggravated-robbery count in the Kozak case, as well as the dismissal of the uttering, forgery, and theft counts charged in the May Company case. At the plea hearing, the parties informed the court that the plea agreement also encompassed the two pending juvenile cases—which were scheduled for an amenability hearing—and that Johnson would be pleading guilty to an additional count of aggravated robbery once those cases were transferred to the adult court.

{¶ 37} On October 2, 1987, the juvenile court conducted the bindover hearing in the Sotka and Lawson Milk Company cases, found that Johnson was not amenable to rehabilitation in the juvenile system, and transferred both cases to the general division of the Cuyahoga County Court of Common Pleas. The juvenile court signed the bindover orders that same day. On October 5, 1987, Johnson waived his right to an indictment, and the state charged him with aggravated robbery by information. He then pleaded guilty to one count of aggravated robbery pursuant to the plea agreement, and the state dismissed the second count. However, the juvenile court did not journalize the bindover orders until October 13, 1987.

The adult court conducted the sentencing hearing for the aggravated-murder and aggravated-robbery counts on December 7, 1987; it journalized the sentence for aggravated robbery on March 18, 1988, and the sentence for aggravated murder on March 22, 1988.

**Analysis**

{¶ 38} The question now before us concerns what effect the delayed journalization of the bindover entry had on the subject-matter jurisdiction of the general division of the common pleas court to convict Johnson of aggravated robbery.

{¶ 39} Subject-matter jurisdiction refers to the power of a court to adjudicate a particular class or type of case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11-12, 34. It is a " 'condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.' " *Id.* at ¶ 11, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998). However, when a specific action is within the court's subject-matter jurisdiction, any error in the invocation and exercise of that jurisdiction renders the court's judgment voidable. *Id.* at ¶ 12, 21. A voidable judgment is not subject to collateral attack. *State v. Filiaggi*, 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999).

{¶ 40} In former R.C. 2151.23(A)(1), the General Assembly provided that "[t]he juvenile court has exclusive original jurisdiction under the Revised Code * * * [c]oncerning any child who on or about the date specified in the complaint is alleged to be a juvenile traffic offender, or a delinquent, unruly, abused, neglected, or dependent child." Sub.H.B. No. 428, 141 Ohio Laws, Part II, 3672, 3838. Johnson was a child at the time he committed his offenses; therefore, the juvenile court had exclusive subject-matter jurisdiction over his cases. *Wilson*, 73 Ohio St.3d at 43, 652 N.E.2d 196.

**{¶ 41}** However, as we explained in *Wilson*, the General Assembly established "a narrow exception" to the juvenile court's exclusive subject-matter jurisdiction in former R.C. 2151.26. *Wilson* at 43. That statute provided for the transfer of the case to the court that would have had jurisdiction if the offense had been committed by an adult if the juvenile court found that the child was at least 15 years old at the time of the offense, that there is probable cause to believe that the child committed the offense, that the child is not amenable to further care or rehabilitation in the juvenile system, and that the safety of the community may require legal restraint of the child beyond the age of majority. *Id.*, citing former R.C. 2151.26(A), Am.Sub.H.B. No. 27, 144 Ohio Laws, Part II, 2745, 2745-2746. Construing these statutes in *Wilson*, we held, "Absent a proper bindover procedure pursuant to R.C. 2151.26, the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent." *Wilson* at paragraph one of the syllabus.

**{¶ 42}** In this case, it was a foregone conclusion that Johnson's aggravated-robbery cases would be transferred to the adult court for trial. In the murder case, the juvenile court had already found that Johnson was not amenable to rehabilitation in the juvenile system and that he appeared to be a threat to public safety. Johnson's guilty plea to aggravated murder, which carried a minimum punishment of 20 years to life in prison pursuant to former R.C. 2929.03(E), Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, 1, 13, foreclosed any possibility that he could be rehabilitated in a juvenile-delinquent facility and ensured that he would be confined beyond his attaining majority. Moreover, he had already agreed to plead guilty to the aggravated-robbery charge as part of the parties' resolution of all pending cases. As the parties anticipated, the juvenile court held the amenability hearing and signed orders transferring the aggravated-robbery cases to the general division of the Cuyahoga County Court of Common Pleas.

**{¶ 43}** It is undisputed that the state charged Johnson with—and the adult court accepted his guilty plea to—aggravated robbery before the juvenile court journalized the bindover entry.  But in this extraordinary-writ action, Johnson is seeking an order compelling the adult court to vacate the judgment of conviction, and the court had subject-matter jurisdiction to proceed to sentencing and final judgment once the juvenile case had been transferred pursuant to the journalized bindover order.  Any error in invoking or exercising the court's subject-matter jurisdiction up to that point does not render the judgment of conviction void or make it subject to collateral attack in this writ action.

**{¶ 44}** Therefore, the general division of the Court of Common Pleas had jurisdiction over the case.

**{¶ 45}** While Johnson also challenges the validity of the information charging him with aggravated robbery, we have held that " 'extraordinary relief is not available to attack the validity or sufficiency of a charging instrument,' " *State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, 814 N.E.2d 866, ¶ 6, quoting *State ex rel. Bennett v. White*, 93 Ohio St.3d 583, 584, 757 N.E.2d 364 (2001).  In *Nelson*, we affirmed the dismissal of a complaint for writs of mandamus and prohibition; we refused to vacate the relator's convictions and sentence notwithstanding his allegations that his indictment had been dismissed before he was convicted and sentenced.  We explained that the " 'manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted.' "  *Id.*, quoting *Orr v. Mack*, 83 Ohio St.3d 429, 430, 700 N.E.2d 590 (1998).

**{¶ 46}** The court's subject-matter jurisdiction over Johnson's case was perfected on journalization of the bindover order.  Any error in filing the criminal complaint is an error only in invoking the court's jurisdiction, and any error in proceeding to sentencing is an error only in exercising that jurisdiction.  Neither

16

error deprived the court of subject-matter jurisdiction—"once conferred, it remains," *Pratts*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶ 34.

{¶ 47} In the end, Johnson was bound over for trial as an adult in the general division of the court of common pleas, a court of general and competent jurisdiction. He waived his constitutional rights and pleaded guilty to committing aggravated robbery, and the court imposed sentence. The claim asserted now—more than 30 years later—complaining of the delay in journalizing the bindover order does not change these facts or prove a denial of due process.

{¶ 48} Accordingly, Johnson cannot show that the general division of the Cuyahoga County Court of Common Pleas patently and unambiguously lacked jurisdiction over his criminal case at the time it sentenced him and issued the judgment of conviction. That judgment is not void, and Johnson had an adequate remedy by way of appeal or postconviction relief to challenge any error in bringing the charge or accepting his plea. For this reason, the court of appeals properly dismissed Johnson's petition in this case, and I concur in the judgment affirming its decision.

_____

Stephen P. Hanudel, for appellant.

Michael DeWine, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee Brigham Sloan.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee Cuyahoga County Court of Common Pleas.

_____