[Cite as *State v. Hennings*, 2019-Ohio-4675.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

:

v. :

KAREEM HENNINGS, :

    Defendant-Appellant. :

:

Nos. 108043, 108044, and 108045

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 14, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-623399-A, CR-17-623410-A, and CR-18-627094-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and John F. Hirschauer, Assistant Prosecuting Attorney, *for appellee.*

Timothy Young, Ohio Public Defender, and Timothy B. Hackett, Assistant Public Defender, *for appellant.*

RAYMOND C. HEADEN, J.:

**{¶ 1}** Defendant-appellant Kareem Hennings ("Hennings") appeals the juvenile court's discretionary transfer of his cases to the Cuyahoga County Court of Common Pleas. For the reasons that follow, we affirm.

## I. Factual and Procedural History

**{¶ 2}** On July 20, 2017, Hennings was charged with delinquency in juvenile court in Cuyahoga J.C. No. DL-17110787 ("DL-17110787").[1] The five-count complaint alleged Hennings committed the following offenses: (1) drug possession with a forfeiture of a scale in a drug case, a forfeiture of money in a drug case, and a major drug offender specification; (2) trafficking with the same specifications; (3) tampering with evidence; (4) possessing criminal tools with a forfeiture of money and a forfeiture of a scale; and (5) obstructing official business.

**{¶ 3}** A 12-count delinquency complaint was also filed against Hennings on the same date in Cuyahoga J.C. No. DL-17110927 ("DL-17110927") with charges including tampering with evidence; 6 counts of trafficking with forfeiture of a scale, money, and 5 cell phones; 3 counts of drug possession with forfeiture of a scale, money, and 5 cell phones; possession of criminal tools with forfeiture of a scale, money, and 5 cell phones; and obstructing official business.

---

[1] DL-17110787 was dismissed without prejudice when the state refiled the matter in juvenile court as Cuyahoga J.C. No. DL-17112782 ("DL-17112782").

{¶ 4} The state filed a motion requesting the juvenile court, pursuant to R.C. 2152.10(B), to relinquish jurisdiction to the General Division of the Court of Common Pleas.

{¶ 5} After a hearing on October 5, 2017, the juvenile court found there was probable cause on all counts contained in both DL-17110787 and DL-17110927. On that same date, and at the request of the state, the juvenile court dismissed DL-17110787, and replaced it with DL-17112782.[2] On October 16, 2017, the juvenile court held a hearing and found probable cause on all counts, specifications, and forfeitures — excluding the schoolyard specification — presented in DL-17112782.

{¶ 6} The juvenile court then held an amenability hearing on November 15, 2017, for the two pending cases — DL-17110927 and DL-17112782. The court's decision, presented on November 16, 2017, found Hennings was not amenable to the juvenile justice system and, as a result, his cases were bound over to adult court.

{¶ 7} In adult court, Hennings entered guilty pleas, pursuant to a plea agreement with the state, and was sentenced on August 16, 2018, to a total of nine

---

[2] On August 23, 2017, the state filed a 16-count delinquency complaint in DL-17112782 against Hennings, charging him with the following: 1 count each of trafficking and drug possession with a major drug offender, firearm, and schoolyard specifications, as well as forfeiture of 9 cell phones, a gun, 3 scales, $72,400, and property (ammunition); 5 counts of trafficking with a firearm specification and schoolyard specification, as well as forfeiture of 9 cell phones, a gun, 3 scales, $72,400, and property (ammunition); 5 counts of drug possession with a firearm specification, as well as forfeiture of 9 cell phones, a gun, 3 scales, $72,400, and property (ammunition); tampering with evidence; obstructing official business; possessing criminal tools with forfeiture of 9 cell phones, a gun, 3 scales, $72,400, and property (ammunition); and failure to comply. This case replaced former DL-17110787.

years.[3]  Hennings subsequently appealed and this court consolidated Hennings's cases for briefing, argument, and disposition.  Hennings presents the following assignments of error in his appeal:

> Assignment of Error I:  The juvenile court abused its discretion when it transferred Kareem Hennings'[s] cases for criminal prosecution, in violation of R.C. 2152.12(B); Fifth and Fourteenth Amendments to the U.S. Constitution, and Article I, Sections 10 and 16, Ohio Constitution.

> Assignment of Error II:  The mandatory portion of Kareem Hennings'[s] sentence is unauthorized by law, in violation of R.C. 2929.20; the Fifth and Fourteenth Amendments to the U.S. Constitution; and, Article I, Sections 10 and 16 of the Ohio Constitution.

## II.    Law and Analysis

{¶ 8}    The Juvenile Division of the Court of Common Pleas has exclusive original jurisdiction to hear complaints that allege a juvenile is delinquent because he committed an offense that would be a crime if committed by an adult.  *State v. Fryerson*, 8th Dist. Cuyahoga No. 71683, 2000 Ohio App. LEXIS 456, 9 (Feb. 10, 2000).  However, certain juvenile court cases can be transferred for criminal prosecution to the General Division of the Common Pleas Court.  This transfer is also referred to as a bindover transfer to the adult court.  R.C. 2152.12(A)(1).  There are two types of bindover transfers:  mandatory and discretionary.  R.C. 2152.10.  The case sub judice involves a discretionary bindover transfer.

---

[3] In adult court, Hennings was sentenced in Cuyahoga C.P. Nos. CR-17-623399-A, CR-17-623410-A, and CR-18-627094-A that are referred to on appeal, respectively, as *State v. Hennings*, 8th Dist. Cuyahoga Nos. 108043, 108044, and 108045.

**{¶ 9}** Following a hearing where the state introduces evidence showing probable cause that the child committed the alleged crimes, the child is eligible for a discretionary bindover pursuant to R.C. 2152.10(B). *See* Juv.R. 30. All children eligible for a discretionary bindover are not transferred for prosecution in the adult court. A juvenile court must first follow the procedures outlined in R.C. 2152.12 to determine if transfer is appropriate. *Johnson v. Sloan*, 154 Ohio St.3d 476, 2018-Ohio-2120, 116 N.E.3d 91, ¶ 6.

**{¶ 10}** In addition to the completion of a court ordered investigation pursuant to R.C. 2152.12(C), the juvenile court must hold an amenability hearing and make the following determinations before transferring jurisdiction to the adult court:

> (1) The child was fourteen years of age or older at the time of the act charged.

> (2) There is probable cause to believe that the child committed the act charged.

> (3) The child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions.

R.C. 2152.12(B); Juv.R. 30(C).

**{¶ 11}** To satisfy the third prong of R.C. 2152.12(B) and establish a child's amenability to the juvenile system, the juvenile court considers the applicable factors listed in R.C. 2152.12(D) — those factors that indicate a child's case should be transferred — with the appropriate factors identified in R.C. 2152.12(E) that

weigh against the transfer of the juvenile case. The record must reflect the applicable factors considered by the juvenile court. *Id.*

{¶ 12} Juvenile courts have wide discretion to transfer their cases to adult courts. *State v. Poole*, 8th Dist. Cuyahoga No. 98153, 2012-Ohio-5739, ¶ 6. On appeal, a juvenile court's decision to bind over a case is reviewed under an abuse of discretion standard. *Id.* Where the juvenile court weighed the statutory factors and the record shows a rational basis for the court's findings regarding those statutory factors, an appellate court cannot conclude the trial court abused its discretion when it transferred jurisdiction. *Id.* "'[I]f there is some rational and factual basis to support the trial court's decision, [an appellate court is] duty bound to affirm it regardless of [its] personal views of the evidence.'" *State v. Johnson*, 2015-Ohio-96, 27 N.E.3d 9, ¶ 36 (8th Dist.), quoting *State v. West*, 167 Ohio App.3d 598, 2006-Ohio-3518, 856 N.E.2d 285, ¶ 10 (4th Dist.).

## A. **Amenability Hearing**

{¶ 13} In his first assignment of error, Hennings contends that the juvenile court abused its discretion when it transferred his cases to adult court. Specifically, Hennings argues the juvenile court (1) lost sight of the statutory presumption to retain jurisdiction and failed to properly balance the factors listed in R.C. 2152.12, (2) improperly established a new rule allowing transfer of drug-related offenses based solely on the charges, and (3) failed to consider all juvenile dispositional options. We do not agree.

{¶ 14} Upon the state's request for a discretionary bindover, the juvenile court ordered, pursuant to R.C. 2152.12(C), "an investigation [of Hennings's] social history, education, family situation, and any other factor bearing on whether the child is amenable to juvenile rehabilitation, including mental examination * * * ." Hennings underwent a psychological evaluation by Dr. Joseph Konieczny.

{¶ 15} Further, an amenability hearing was held on November 15, 2018, where the state presented the testimony of Detective Robert Sauterer. Detective Sauterer, a seven-year veteran with the Cleveland Police's Fifth District Vice Unit, testified regarding his unit's investigation of Hennings.

{¶ 16} Detective Sauterer began his investigation of Hennings in January 2017 when Hennings was observed making a hand-to-hand transaction with the passenger of another vehicle. (Nov. 15, 2017 hearing, tr. 20-21.) Hennings eluded the police on that date, but the police continued to watch him and his home. (Nov. 15, 2017 hearing, tr. 21-22.) With the assistance of a confidential informant, the Fifth District Vice Unit made several controlled drug purchases from Hennings. (Nov. 15, 2017 hearing, tr. 21-22.) Detective Sauterer also completed trash pulls from Hennings's home and discovered residue that tested positive as heroin or fentanyl. (Nov. 15, 2017 hearing, tr. 22-25.) A search warrant executed at Hennings's home in July 2017 led to the discovery of approximately 400 grams of fentanyl. (Nov. 15, 2017 hearing, tr. 26.) This is only the third time during his seven-year career that Detective Sauterer discovered such a large quantity of heroin or fentanyl. (Nov. 15, 2017 hearing, tr. 30.) In addition to the drugs, the police

recovered monies in excess of $70,000, cell phones, and a firearm. (Nov. 15, 2017 hearing, tr. 31-33.) The evidence indicated that this was "definitely not a typical drug operation." (Nov. 15, 2017 hearing, tr. 35.)

{¶ 17} In addition to Detective Sauterer's testimony, the psychological examination completed by Dr. Joseph Konieczny was stipulated to and introduced as evidence at the amenability hearing. (Nov. 15, 2017 hearing, tr. 60.) The report states that Hennings was diagnosed with Borderline Intellectual Functioning and was found to have extremely low intellectual capabilities. Yet, Hennings's performance on the Wide Range Achievement Test-4 ("WRAT-4") was significantly higher than would be expected based upon his overall level of intellectual functioning. Hennings did not suffer from a major mental or psychiatric disorder that affected his ability to perceive reality. At the time of examination, Hennings was 17 years old, weighed 150 pounds, and stood six-feet tall. Dr. Konieczny offered no opinion as to whether Hennings was physically, emotionally, or psychologically mature enough for a transfer to adult court.

{¶ 18} Further, Dr. Konieczny did not recommend a specific outcome regarding Hennings's transfer to adult court. Dr. Konieczny did identify three factors indicating Hennings's responsiveness to rehabilitation within the juvenile system: (1) no history of involvement with the juvenile justice system, including probation or commitment to a facility in the Ohio Department of Youth Services, (2) no history of significant bad behavior at school, and (3) no known history of predatory, aggressive, or violent behaviors. Dr. Konieczny's report states the current

matter is Hennings's first involvement with the juvenile justice system and Hennings had no prior adjudications. While Hennings was not previously adjudicated in the juvenile system, he was twice engaged in the juvenile court's diversion program.

{¶ 19} The psychological exam also noted Hennings's age — 18 years old — was an indicator that Hennings would not be responsive to the juvenile system: "Although still within the jurisdiction of the Juvenile Justice System, at the age of 18, [Hennings] is beyond the age of majority."

{¶ 20} On November 16, 2017, the juvenile court found Hennings was not amenable to the juvenile court system and granted the state's request for a discretionary transfer. The seriousness of the drug charges and, as a result, insufficient time to rehabilitate Hennings, were the overriding factors in favor of transfer:

> THE COURT: Okay. All right. So based on all the available information that the Court took into consideration on this case, including weighing in all the possible factors that are required by law under 2152.12(D) and 12(E), and including the psych[ologica] eval[uation] that was submitted and any other information that the Court felt was relevant, the Court finds that Kareem is not amenable to our Juvenile Justice system, and this finding is on both cases.
>
> And the weight that the Court gave to the factors, the biggest amount of weight that the Court gave was to the fact that these were serious drug charges as opposed to typical drug charges that we get in here, and based on that, the Court believes there's not sufficient time to rehabilitate the child within the Juvenile System, just mostly based on the charges themselves in these two cases.

(Nov. 16, 2017 hearing, tr. 3-4.)

{¶ 21} The juvenile court's November 16, 2017 journal entry, which orders Hennings's cases to be transferred to the General Division of the Cuyahoga County Court of Common Pleas, reads in pertinent part:

> * * * The court finds after a full investigation, including a mental examination of said child, made by a duly qualified person, and after full consideration of the child's prior juvenile record, family environment, school record, efforts previously made to treat and rehabilitate the child, including prior commitments to the Department of Youth Services, the nature and severity of the offense herein, the age, physical, and mental condition of the victim as effected by the matter herein, and other matters of evidence, that there are reasonable grounds to believe that the child herein is **not amenable** to care or rehabilitation within the juvenile system.
>
> The court further finds that the safety of the community may require that the child be subject to adult sanctions.

{¶ 22} The journal entry also states the court weighed the R.C. 2152.12(D) and 2152.12(E) factors to determine whether to grant the state's motion to transfer. The juvenile court found these R.C. 2152.12(D) factors support the transfer of Hennings's cases to adult court: the victim suffered physical or psychological harm, or serious economic harm; Hennings allegedly committed the charged acts for hire or as a part of a gang or other organized criminal activity; Hennings was emotionally, physically, or psychologically mature enough for a transfer; and there would not be sufficient time to rehabilitate Hennings within the juvenile system. The court found no R.C. 2512.12(E) factors — factors that weighed against transfer — applied.

{¶ 23} Hennings argues the court's decision to transfer was based primarily on the nature of the offense and did not truly consider the remaining factors. Specifically, Hennings references (1) the psychological examination completed by

Dr. Joseph Konieczny to identify factors the court could have and should have relied upon to find Hennings was amenable to the juvenile system, and (2) the fact that Hennings had three additional years to rehabilitate within the juvenile system.

{¶ 24} The record supports the juvenile court's reliance on the specified R.C. 2152.12(D) factors. Hennings's victims included Detective Kopchak, who was exposed to drugs while collecting evidence and required medical treatment, as well as the individuals who purchased drugs from Hennings. (Nov. 15, 2017 hearing, tr. 45, 53-54.) The quantity of drugs and amount of money seized indicated Hennings's acts were part of an organized criminal activity. While the psychologist's test initially indicated Hennings had a low IQ, the WRAT-4 presented significantly higher test results and Hennings's grades were passing.

{¶ 25} The record reflects evidence that Hennings was conducting a major drug operation. The severity of a crime can be a strong indicator that there remains insufficient time to rehabilitate a child offender in the juvenile justice system. *Johnson*, 2015-Ohio-96, 27 N.E.3d 9, at ¶ 43; *see also State v. Amos*, 1st Dist. Hamilton No. C-150265, 2016-Ohio-1319, ¶ 43 (a juvenile court can consider the number and nature of the committed offenses when determining if the child is amenable to the juvenile justice system). The Ohio Supreme Court has found juveniles who committed a major felony may require additional time for rehabilitation in comparison to juveniles who commit less serious offenses, and therefore, are less amenable to the juvenile system. *Johnson* at ¶ 43.

{¶ 26} Additionally, consideration of the R.C. 2152.12(D) and (E) factors reflects the court's consideration of how a juvenile will manage within the adult system. *State v. Crosby*, 8th Dist. Cuyahoga Nos. 107392 and 107551, 2019-Ohio-2217, ¶ 51.

{¶ 27} Despite the fact that Dr. Konieczny's psychological report lists factors indicating Hennings's responsiveness to rehabilitation in the juvenile justice system, "the trial court is still the ultimate trier of fact and free to disagree with the psychologist's recommendation." *Johnson* at ¶ 42; *see also State v. McCutchen*, 8th Dist. Cuyahoga Nos. 102381, 102382, and 102383, 2016-Ohio-488, ¶ 32.

{¶ 28} In accordance with R.C. 2152.12, the juvenile court applied the statutory considerations and determined that the factors in R.C. 2152.12(D) — in support of retaining jurisdiction in the juvenile system — were outweighed by R.C. 2152.12(E)'s factors that endorse transfer to the adult court. We do not find the juvenile court's decision to grant a discretionary transfer was an abuse of discretion. Thus, Hennings's first assignment of error is overruled.

## B. **Mandatory Prison Term**

{¶ 29} In Hennings's second assignment of error, he argues that the mandatory portion of his sentence is unauthorized by law and violates R.C. 2929.20, the Fifth and Fourteenth Amendments to the U.S. Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution. However, Hennings states in his reply brief that his second assignment of error lacks merit pursuant to R.C. 2929.13(F)

and, as a result, withdraws this argument. Accordingly, Hennings's second assignment of error is moot for purposes of this appeal and will not be addressed.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

RAYMOND C. HEADEN, JUDGE

EILEEN T. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR