[Cite as *In re D.W.*, 2023-Ohio-3887.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE D.W.                  :

                                                        No. 112655

A Minor Child            :

                 :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REMANDED
**RELEASED AND JOURNALIZED:** October 26, 2023

---

Civil Appeal from the Cuyahoga County
Juvenile Court Division
Case No. DL-19-115511

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, Anthony T. Miranda and John T. Dowling,
Assistant Prosecuting Attorneys, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and
Britta M. Barthol, Assistant Public Defender, *for appellee*.

ANITA LASTER MAYS, A.J.:

{¶ 1} Plaintiff-appellant, state of Ohio ("the state"), appeals the trial court's decision determining that probable cause did not exist to believe that defendant-appellee D.W. committed the charged crimes. The state asserts that the trial court erred in determining that no probable cause exists and asks that we remand to the

juvenile court for an amenability hearing. The trial court, however, did not state its probable cause findings and determinations on the record. We remand to the trial court to place those findings on the record, so that a meaningful review can be conducted.

{¶ 2} The state filed an eight-count complaint against D.W. charging him with the following offenses: two counts of improperly discharging into habitation; two counts of felonious assault; discharge of firearm on or near prohibited premises; having weapons while under disability; improperly handling firearms in a motor vehicle; and obstructing official business. Counts 1 through 5 contained a one- and three-year firearm specification along with a five-year drive by shooting specification.

## I.    Facts and Procedural History

{¶ 3} On December 28, 2019, a 911 caller reported hearing gun shots in Maple Heights. The caller reported that a silver vehicle, possibly a Chevy Cavalier, with a headlight out, was in the area. Detective Matthew Heitzer ("Det. Heitzer"), with the Maple Heights Police Department ("MHPD") was patrolling the area with another police officer when he heard gunshots.

{¶ 4} Det. Heitzer arrived on the scene of where the 911 caller heard the gunshots and found six shell casings, including three shell casings from three different firearms. The shell casings were placed in an evidence bag and logged at the MHPD. Det. Heitzer canvassed the area and located a home that had several

bullet holes. The residents of the home indicated that bullets entered the bedroom of their home. Det. Heitzer spoke to the 911 caller and a witness, who were both at the scene.

{¶ 5} The witness told Det. Heitzer that the silver vehicle pulled up to the intersection of Watson Road and Prayner Avenue and fired shots. The witness described the vehicle as a silver car with a headlight out. The witness was unable to identify the person shooting from the vehicle.

{¶ 6} Within one minute, Officer Zupancic of the MHPD was driving in the area and observed a vehicle matching the description given by the witness. Officer Zupancic followed the vehicle into a driveway and activated his overhead lights. Two men exited the vehicles and ran. Four women were also in the vehicle, and Officer Zupancic ordered them to remain in the car while he pursued the two men who ran from the vehicle. Another officer on scene asked the women if they were involved in the shooting, to which they replied "no." They were allowed to leave the scene. Officers searched the vehicle and located a shell casing in the back seat of the vehicle behind the driver's seat.

{¶ 7} After a foot chase, officers arrested D.W., who admitted being in the passenger seat of the vehicle, but denied being the shooter, and stated that Samo was the shooter. As the vehicle was being impounded, Jayshawn Boyd ("Boyd") walked up to the police and told them that the vehicle belonged to him. Boyd stated that he lent the car to Samo, D.W., and some girls. A Cleveland police officer

identified Samo as D.B., a person he knew. Samo was not arrested or pursued. D.W. was arrested and taken into police custody.

{¶ 8} After D.W. was arrested, he was swabbed for gunshot residue, which determined that his hands were positive for gunshot residue. Boyd's hands were tested as well, and the test was negative. Forensic examination of the firing impressions left on the shell casings showed that two firearms were used. The shell casings were on both sides of the vehicle, which suggested to police officers that there were two shooters in the vehicle.

{¶ 9} On December 20, 2019, the state filed an eight-count complaint against D.W., who was 17 years old at the time. On March 4, 2020, the state filed a discretionary motion for an order to relinquish jurisdiction for the purpose of criminal prosecution pursuant to R.C. 2152.10(B) and for a preliminary hearing. The state asked the juvenile court to transfer D.W. to the general division of the court of common pleas, i.e., adult court. The juvenile court held a probable cause hearing on April 18, 2023, and issued its ruling, stating that upon the conclusion of the evidence and testimony presented, the court does not find probable cause to believe the child committed the eight counts alleged in the complaint. Thus, the motion for an order to relinquish jurisdiction was denied. The trial court did not put its findings on the record.

{¶ 10} The state filed this appeal assigning one error for our review:

The trial court erred in determining that probable cause did not exist to believe that D.W. committed the crimes charged where he admitted to being in a car from which bullets were fired, his hands tested positive for gunshot residue, and he fled from police after the shooting.

## II. Probable Cause

### A. Standard of Review

{¶ 11} "Juvenile courts have wide discretion to transfer their cases to adult courts." *State v. Hennings*, 8th Dist. Cuyahoga Nos. 108043, 108044, and 108045, 2019-Ohio-4675, ¶ 12, citing *State v. Poole*, 8th Dist. Cuyahoga No. 98153, 2012-Ohio-5739, ¶ 6.

{¶ 12} "Generally, an appeal challenging a probable-cause finding in a bindover proceeding 'involves questions of both fact and law.'" *In re R.Z.*, 1st Dist. Hamilton No. C-210660, 2022-Ohio-3630, ¶ 25, quoting *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 51. "But the existence of probable cause is a question of law that we review de novo." *Id. See also In re C.G.*, 8th Dist. Cuyahoga No. 97950, 2012-Ohio-5286, ¶ 31 ("Our review of the juvenile division's decision is mixed: we defer to the court's credibility determinations by reviewing for an abuse of discretion, but we conduct a de novo review of the legal conclusion whether there was probable cause to believe that the juvenile committed the charged act.").

### B. Law and Analysis

{¶ 13} In the state's sole assignment of error, it argues that the juvenile court erred in determining that probable cause did not exist to believe that D.W.

committed the acts contained in the indictment. The state filed a discretionary motion for an order to relinquish jurisdiction for the purpose of criminal prosecution pursuant to R.C. 2152.10(B) and for a preliminary hearing.

{¶ 14} "'Juvenile courts possess exclusive jurisdiction over children alleged to be delinquent for committing acts that would constitute a crime if committed by an adult.'" *State v. Jones*, 2022-Ohio-1169, 188 N.E.3d 280, ¶ 19 (8th Dist.), quoting *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 11; R.C. 2151.23(A).

{¶ 15} Pursuant to R.C. 2152.12, under specified circumstances a juvenile may be subject to a mandatory or discretionary transfer, also referred to as bindover, from the juvenile court setting to adult court for criminal prosecution. Whether an alleged offender is subject to mandatory or discretionary transfer depends on such factors as the nature of the offense, the age of the child, and the child's prior criminal history. R.C. 2152.12(A) and (B); *Steele v. Harris*, 161 Ohio St.3d 407, 2020-Ohio-5480, 163 N.E.3d 565, ¶ 10.

{¶ 16} "'Discretionary transfer, as its name implies, allows judges the discretion to transfer or bind over to adult court certain juveniles who do not appear to be amenable to care or rehabilitation within the juvenile system or appear to be a threat to public safety.'" *Jones* at ¶ 21, quoting *State v. Hanning*, 89 Ohio St.3d 86, 90, 2000-Ohio-436, 728 N.E.2d 1059; R.C. 2152.12(B). "When considering discretionary transfer of a case, the juvenile court first determines the age of the

child and the existence of probable cause to believe that the juvenile committed the acts charged." R.C. 2152.10(B) and 2152.12(B). "Upon establishing the juvenile meets the requisite findings, the juvenile court conducts an amenability hearing." *Jones* at ¶ 21.

{¶ 17} Where a complaint is filed alleging that a child is delinquent for committing an act that would be a felony if committed by an adult, the juvenile court may transfer the case to the general division if the juvenile court finds (1) the child was 14 years of age or older at the time of the act charged; (2) there is probable cause to believe that the child committed the act charged; and (3) the child is not amenable to care or rehabilitation within the juvenile system and the safety of the community may require that the child be subject to adult sanctions. R.C. 2152.10(B) and 2152.12(B).

{¶ 18} In considering the propriety of the discretionary bindover of D.W. under R.C. 2152.12(B), the juvenile court determines whether the state's evidence credibly supports each element of the offense to find that probable cause exists that the juvenile committed the offense.

{¶ 19} *In re C.G.*, 8th Dist. Cuyahoga No. 97950, 2012-Ohio-5286, ¶ 31, citing *State v. Iacona*, 93 Ohio St.3d 83, 93, 2001-Ohio-1292, 752 N.E.2d 937:

> Probable cause in this context is not guilt beyond a reasonable doubt; it is evidence that raises more than a suspicion of guilt. *In re A.J.S.*, 120 Ohio St. 3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶16. This standard requires the juvenile court to "evaluate the quality of the evidence presented by the state in support of probable cause as well

as any evidence presented by the respondent that attacks probable cause."

*In re C.G.* at ¶ 31, quoting *Iacona* at 93.

**{¶ 20}** We are cognizant that the probable cause standard is not as stringent as that of beyond a reasonable doubt and considers whether the state has demonstrated more than a mere suspicion of guilt when weighed upon any evidence presented by the defense. *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 16.

**{¶ 21}** While "our review of the juvenile court's probable-cause determination involves questions of both law and fact, 'we defer to the trial court's determinations regarding witness credibility.'" *In re B.A.T.*, 8th Dist. Cuyahoga No. 112405, 2023-Ohio-3366, ¶ 18, quoting *In re A.J.S.* at ¶ 51. In our instant case, the juvenile court did not state its determinations or findings regarding witness credibility on the record, making it impossible for us to review the juvenile court's reasoning.

**{¶ 22}** Therefore, we remand to the juvenile court to state its findings and determinations on the record regarding its findings on the lack of probable cause, in order for this court to conduct a meaningful review of the state's appeal. *See*, *e.g.*, *In re B.A.T.*, 8th Dist. Cuyahoga No. 112405, 2023-Ohio-3366, ¶ 13; *State v. Courts*, 8th Dist. Cuyahoga No. 110368, 2022-Ohio-690, ¶ 12; *State v. J.R.*, 2022-Ohio-1664, 190 N.E.3d 1186, ¶ 7 (8th Dist.).

**{¶ 23}** Remanded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

FRANK DANIEL CELEBREZZE, III, J., and
MARY J. BOYLE, J., CONCUR